FILED

AUG 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM JEFFERSON & CO., INC., | No. 11-55223 |
| Plaintiff - Appellant, | D.C. No. 8:09-cv-00849-DOC-RNB |
| v. | |
| BOARD OF ASSESSMENT AND APPEALS NO. 3 FOR ORANGE COUNTY and STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted June 8, 2012
Pasadena, California

Before: B. FLETCHER and WARDLAW, Circuit Judges, and MENDEZ, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John A. Mendez, District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

William Jefferson & Co., Inc. ("William Jefferson") appeals from a judgment against it in a 42 U.S.C. § 1983 action alleging that it was denied procedural due process. We set forth the factual background and address the merits of William Jefferson's constitutional challenge in an opinion published concurrently with this memorandum disposition. This memorandum addresses William Jefferson's claims that: (1) the federal magistrate judge erred in entering a protective order in favor of the Orange County Board of Assessment Appeals ("Board"); and (2) the district court erred in denying William Jefferson's motion for class certification. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review for abuse of discretion the magistrate judge's grant of a protective order. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 423 (9th Cir. 2011). Inquiry into the deliberative processes of administrators is generally disfavored. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see also United States v. Morgan*, 313 U.S. 409, 421–22 (1941) (the Secretary of Agriculture should "never have been subjected" to questioning about "the process by which he reached the conclusions of his order, including the manner and extent of his study of the record and his consultation with

2

subordinates."). The magistrate judge correctly concluded that WJ could not depose the Board members about their deliberative process.

Recognizing the qualified nature of the deliberative-process privilege and the importance of the information sought to William Jefferson's claims, however, the magistrate judge considered whether the Board should be required to respond to interrogatories about its communications with attorney Paula Whaley. The magistrate judge requested briefing on whether the attorney-client privilege protected such disclosures. William Jefferson presented no evidence or argument to contradict Whaley's deposition testimony that her communications with the Board were for the purpose of answering legal questions and were therefore privileged. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (explaining the importance of the attorney-client privilege). The magistrate judge did not abuse his discretion in granting the Board's motion for a protective order on the basis of the deliberative-process and attorney-client privileges.

We review for abuse of discretion the district court's denial of a motion for class certification. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1018 (9th Cir. 2011). William Jefferson filed its motion for class certification nearly 270 days after filing its putative class action. William Jefferson made no argument in its opening brief regarding the district court's denial of the motion on the basis of

3

failure to comply with the 90-day time limit for filing a motion for class certification imposed by the Central District of California's Local Rule 23-3. Any such argument is therefore deemed waived. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012). If we were to consider the merits of William Jefferson's challenge to the denial of class certification, we would conclude that the district court did not abuse its discretion in denying the motion for class certification because the motion did not satisfy the requirements of Federal Rule of Civil Procedure 23.

**AFFIRMED.**